## Charles R. Brand v. Lewis Frumveller.

*Lease: Renewal: Arbitration: Award: Acceptance: Terms.* A lease for five years required the lessee to erect a store on the premises, and to pay, besides the rent, all taxes and assessments, with clause of re-entry on non-payment. It also provided that at the end of the term the lessors should take the store at an appraisal, or give a lease for five years more at a rent to be fixed by arbitrators. At the end of the term arbitrators were chosen by the parties, who endorsed and signed on the lease the following: "This lease is renewed by arbitration for the term of five years, at the yearly rent of one hundred and twenty-five dollars, payable on the same terms as the first five years, excepting from the operation of this lease any assessment for stone pavements:"—
  *Held*, As against the lessee, who had entered on the second term, a good renewal of the lease upon the original terms, with the exception made by the arbitrators, and also of the provision for a renewal, which had now spent its force.
*Lease: Covenant for renewal.* Whether or not a covenant for a renewal of a lease implies a renewal on the same terms, or binds the lessor to any covenants whatever:—*Quære?*
*Lease: Renewal: Taxes: Re-entry.* The lessee holding under such renewal is liable to be put out for failure to pay and discharge the ordinary taxes.
*Lease: Security for rent: Clause of re-entry.* The fact that by the lease the buildings erected by the lessee were made security for the payment of the rent and taxes, would not preclude the clause of re-entry from applying to a failure to pay the same, where by its terms it is expressly made applicable to the case of non-payment of rent, and its general language covers all breaches.
*Lease: Double security.* A lessor has a right to double security if the lessee consents to give it.

*Heard April 23. Decided June 15.*

Error to Wayne Circuit.

*Maybury & Conely* and *H. M. Duffield,* for plaintiff in error.

*Brennan & Donnelly* and *L. S. Trowbridge,* for defendant in error.

COOLEY, J:

The controversy in this case arises on one of the clauses of a lease from Frumveller and wife to Brand, of a lot in Detroit. The lease bore date November 1, 1865, and was for the term of five years. The annual rental was to be

one hundred and seventy-five dollars, and Brand was to erect upon the lot a two-story brick store. The clause upon which the questions principally arise was the following: "And·it is agreed that said parties of the first part, at the expiration of said term of five years, shall either buy from the party of the second part the two-story brick store to be erected on said rented premises at an appraised value and price to be ascertained by two disinterested persons, the one to be chosen by the said first parties, and the other one to be chosen by the said Charles R. Brand, and if the two so chosen cannot agree, they may choose a third one who shall act as umpire, and the majority of whom shall fix the purchase price for said brick store; or said parties of the first part shall give to said Charles R. Brand a new lease for said rented premises for five years more, from the expiration of said term of five years, and at and for a rent to be ascertained according to the true rental value thereof, by two or three disinterested persons to be chosen in the manner above mentioned.". A subsequent clause binds the lessee to the payment of the rent, "and also to pay and discharge regularly when due all taxes and assessments assessed on said rented premises, and ordinary as well as extraordinary, during said term." There was then a clause of re-entry for non-payment of rent, or in case of the non-performance of any of the covenants made by the party of the second part, etc. Another clause made the building security for rent and taxes. It appears that at the end of the term the parties failed to agree on a sale or renewal, and referees were chosen, who made and signed upon the lease the following endorsement: "This lease is renewed by arbitration, for the term of five years, at the yearly rent of one hundred and twenty-five dollars, payable on the same terms as the first five years, excepting from the operation of this lease any assessment for stone pavements." Brand entered upon a second term of five years, but was proceeded against for a failure to pay and discharge taxes when due, and judgment in the court below has passed against him.

BRAND v. FRUMVELLER.

Brand insists that his holding at the time he was proceeded against was not under the first lease, or under any renewal thereof that could bind him by its covenants. Reference is made to *Rutgers v. Hunter, 6 Johns. Ch., 215,* as holding that a covenant to renew a lease does not necessarily imply a renewal on the same terms as before. In that case the stipulation for renewal expressly contemplated new terms. The case of *Willis v. Astor, 4 Edw. Ch., 594,* is also relied upon. There it was decided that an agreement to give a new lease did not by implication bind the lessor to any covenants whatever: a doctrine which is supported by a reference to the cases which have held that one who agrees to give a good and sufficient deed of lands is not bound to give a deed with covenants; a doctrine which is not accepted in this state, nor generally, as we believe, elsewhere.—See *Dwight v. Cutler, 3 Mich., 566, and cases cited; Allen v. Atkinson, 21 Mich., 361.*

But it is not necessary to determine in this case whether the lessor in renewing was entitled to covenants or not. The referees under the terms of the lease were to ascertain "the rent to be paid;" and they have determined that it should be a certain reduction of the former rent, payable on the same terms as the first five years, with the exception of assessments for stone pavements. Their award is expressed awkwardly, but the sense is plain enough; and if it be admitted that Brand was at liberty to refuse to abide by it because it undertook to bind him to an undertaking to pay the ordinary taxes, it is clear, we think, that when he accepted it, the lease was renewed upon the original terms, with the exception made by the referees themselves, and the further exception of the provision for a renewal, which had now spent its force.

It is also insisted that the clause of re-entry should not apply to a failure to pay rent or taxes for which the buildings were made security, but only to breaches for which other security was not provided. But that clause is expressly made applicable to the case of non-payment of rent, and we

32 MICH.—28.

know no reason that can warrant us in restricting the general language which makes it applicable to all breaches. The lessor has a right to double security if the lessee consents to give it.

The judgment is affirmed, with costs.

The other Justices concurred.