STENDER *v.* KERREOS.

LANDLORD AND TENANT — LEASES — TERMINATION — NOTICE — SUFFICIENCY.

A lease provided that at the end of a term the lessees should have the privilege of a renewal for an indefinite period upon the same terms and conditions, with the provision that, if the lessor desired to rebuild, he could, after the expiration of the original term, terminate the lease upon giving 60 days' notice in writing of such intention. Complainant, an assignee of the lessor, 60 days before the expiration of the original term, notified the lessees of his intention to terminate the lease at that time, and that said notice was given

"in accordance with a provision contained" in the lease. *Held*, that, the provision in the lease referred to in the notice should be construed as a part thereof, and, considered in the light of surrounding circumstances, was sufficient. OSTRANDER, GRANT, and BROOKE, JJ., dissenting.

Case made from Wayne; Rohnert, J. Submitted November 17, 1908. (Docket No. 121.) Decided May 25, 1909.

Summary proceedings by Hugo H. Stender against John Kerreos and others for the possession of leased premises. There was judgment for complainant on a verdict directed by the court, and defendants appeal. Affirmed.

*Trevor & Bumps*, for appellants.

*E. W. Mulford*, for appellee.

BLAIR, C. J. In my opinion the judgment of the circuit court should be affirmed, for the reason that the notice given to the lessees was sufficient to terminate the lease. I do not think that the sufficiency of the notice in question should be determined solely, "upon this point, by what appears in the lease and in the notice and not by evidence aliunde." The lease does not purport to prescribe the exact terms of the notice, and any form of language which would express the reason for the notice would be sufficient. The object of the notice was not only to express to the lessees the intention of the lessor to terminate the lease and the ground therefor, but also to convey to the minds of the lessees such intention and the basis therefor. Any form of notice which should apprise the lessees that the ground of the notice was the wish to rebuild would be sufficient. In determining the meaning of the notice, therefore, reference may properly be had to the existing facts known to both parties at the time the notice was given. The testimony showed that defendant Lavagnino's subtenancy was with the consent of Mrs.

Cady, that the complainant knew of the leasehold rights of the defendants when he purchased the property of Mrs. Cady, and had personally received and receipted for the rent up to August 1, 1907. The notice required the defendants to surrender possession "on or before the first day of August, A. D. 1907, for the reason that I intend to terminate your tenancy and repossess the whole of such premises on the date above mentioned." On the 1st day of August, 1907, the defendants' fixed term and all further rights in the premises terminated, unless by that day they exercised their privilege to fix a further term and complainant had failed 60 days prior to that time to cut off their right to fix such further term by giving them notice of termination of that right. The notice stated the reason (and the only reason) why it was given, as follows: "This notice is given in accordance with a provision contained in a certain lease," etc. It is to be observed that the notice is given specifically in accordance with a provision not generally in accordance with the provisions of the lease. The only provision providing for the giving of a notice is the provision that:

"On and after three years from said August 1, 1904, the said party of the first part shall have the privilege of entering and occupying said premises and terminating said lease, in case she wishes to rebuild upon said premises, upon giving said parties of the second part sixty (60) days' notice in writing of such intention; but, during the three years comprising the term of this lease, the said party of the first part to have no such right to terminate said lease."

The provision for notice was a part of the clause giving to the lessees the privilege of a renewal and was a limitation of that privilege. The notice given confirmed the right of the lessees to occupy the premises till the end of the original term and manifestly applied solely to their right to a renewal. The notice conformed to the provision therefor in the length of time given, and, since the lessees could not fail to understand that the provision of the lease

referred to in the notice was the one explicitly providing for notice, the notice should be construed as though the reference to the provision made it a part of the notice. This conclusion appears to me to be justified by a reasonable interpretation of the written instruments in the light of the surrounding facts, and is also sustained by authority.

A contrary conclusion was reached in *Matter of Coatsworth*, 37 App. Div. (N. Y.) 295, cited in the brief for defendants as setting forth "the logic and the law of our contention in this particular." The lease contained the following language:

"And the said parties of the first part further covenant and agree to and with the party of the second part, his executors, administrators and assigns, that in case they do not give the party of the second part, his executors, administrators or assigns, at least six months' notice in writing before the 1st day of April, 1862, of their election to take possession of said demised premises at the expiration of this lease and to pay for said buildings, vaults and sidewalks at such appraised value, that then and in that event they will renew and continue this present demise and lease, and such omission to give said notice shall be deemed and taken to be a renewal and continuance of this demise and lease for five years from the said first day of April, 1862, upon the same terms and conditions hereinbefore expressed, except that the rent for said renewed and continued term shall be $700 per annum, payable in the same way as the last five years' rents above provided for. And they also covenant and agree as aforesaid that so often as they shall fail to give said six months' notice before the termination of such renewed term, they will renew the said demise and lease, and such failure shall be deemed a renewal thereof for five years from the termination thereof, on the same terms and conditions as the said first renewal and continuance."

The notice contained the following:

"*Sirs:* You will take notice that we, as owners of premises,   *  *  *   hereby elect to take possession of the said demised premises pursuant to the provisions of

said lease, on the 1st day of April, 1897, and hereby notify you that said lease shall terminate on that day."

The holding of the appellate division was reversed by the court of appeals; the court saying, in part:

" The only defect claimed in the notice is that it does not contain an express promise to pay for the buildings at their appraised value.   The learned appellate division appears to have been of the opinion that the lease prescribed the form of the notice and that the promise to pay was a part thereof.   We incline to the view that the wording of the lease does not justify such a conclusion.   By it the parties agree that, in case the landlords do not give six months' notice in writing of their election to take possession of the demised premises at the expiration of the lease and pay for the buildings, vaults, and sidewalks at the appraised value, they will renew and continue this present demise and lease, etc.   This does not purport to prescribe the form of the notice in hæc verba, but only gives the substance.   Upon referring to the notice it will be seen that the owners elect to take possession of the premises, ' pursuant to the provisions of said lease,' so that if, under the provisions of the lease, they are required to pay for the buildings, they take possession under the promise to pay therefor.   It appears to us that this is a substantial compliance with the terms of the lease and answers every requirement of the notice." *Matter of Coatsworth,* 160 N. Y. 114.

If it should turn out that the notice was not given in good faith, with an actual intention to rebuild, the rights of defendants will be fully protected under this interpretation of the notice.

The judgment is affirmed.

MONTGOMERY, HOOKER, MOORE, and McALVAY, JJ., concurred with BLAIR, C. J.

OSTRANDER, J. (*dissenting*).   The owner of premises leased them for the term of three years from August 1, 1904, for the sum of $2,160, payable at the rate of $60 per month, in advance.   The lessees covenanted that, "at the end of said term, they shall and will peaceably and

quietly leave, surrender and yield up the said premises unto the said party of the first part, her heirs and assigns." The lessor covenanted for herself and her heirs and assigns that if the parties of the second part paid the rent reserved in the manner provided, and performed all covenants made by them, they might enjoy and possess the premises for and during the term aforesaid. Lessees covenanted that they would not assign the lease or sublet any part of the premises without the written assent of the lessor. In the body of the lease is the following provision:

"And the said parties of the second part at the end of the said three years may have the privilege of renewing this lease at the same rental for so long a term as said parties of the second part may see fit, upon the same terms and conditions as in this lease contained, with this exception: That on and after three years from said August 1, 1904, the said party of the first part shall have the privilege of entering and occupying said premises and terminating said lease, in case she wishes to rebuild upon said premises, upon giving said parties of the second part sixty (60) days' notice in writing of such intention; but, during the three years comprising the term of this lease, the said party of the first part to have no such right to terminate said lease."

The vendee of the lessor on May 29, 1907, served upon one of the lessees and upon a sublessee a notice, which reads:

"To JOHN KERREOS and PETER ELLIS:

"Please take notice that you are hereby required to quit, surrender and deliver up possession to me of the premises hereinafter described, which you now hold of me, as my tenant, on or before the first day of August, A. D. 1907, for the reason that I intend to terminate your tenancy, and to repossess the whole of such premises on the date above mentioned, said premises being described as follows, to wit: The store No. 3C3 Woodward avenue, in the city of Detroit, county of Wayne and State of Michigan. This notice is given in accordance with a provision contained in a certain lease of said premises made and

executed by one Elizabeth H. Cady to the said John Kerreos and Peter Ellis.

"H. H. STENDER.

"Dated at Detroit, Wayne county, Michigan, the 29th day of May, A. D. 1907."

On or about July 27, 1907, the tenants gave the owner the following notice:

"July 27, 1907.

"Mr. H. H. STENDER,
                    "City.

"*Dear Sir:* The lease of the store, 303 Woodward avenue, Detroit, Michigan, which we hold, expires on the first day of August next. Under the provisions of said lease we have the privilege of renewing said lease at the same rental for so long a term as we may see fit, upon the same terms and conditions as in said lease contained, and we therefore hereby give you notice that we demand a renewal of the lease, dated the 14th day of September, A. D. 1904, in which Elizabeth H. Cady is mentioned as the party of the first part, for the store known as 303 Woodward avenue, Detroit, Michigan, for the term of fifty years from and after August 1, A. D. 1907, according to the provisions under our present lease. We give this notice to you for the reason that we understand that you have purchased said property from Elizabeth H. Cady, and are now the present owner. You will kindly have a renewal made out for us to sign.

"Yours truly,
"JOHN KERREOS and PETER ELLIS."

The owner, on August 2, 1907, instituted summary proceedings to recover possession of the premises. The plea of the defendants was "not guilty," and the special defense set up was that the notice to quit was insufficient and void because it did not conform to the notice required to be given by the lease, it did not state that the intention was to rebuild upon the premises, it was prematurely given, and was given by the owner of the property and not by the lessor. Defendants appealed from the judgment of the circuit court commissioner to the circuit court for the county of Wayne, in which court a verdict for the complainant was directed by the court. The evidence

was that the complainant bought with notice of and sub-
ject to the rights created by the lease, and that the ten-
ants had attorned to him. The testimony for complain-
ant tended to prove that the subtenant was in by virtue
of the consent (whether written or oral does not appear)
of the original owner; on the part of defendants, that they
were not in arrears for rent. The contentions of the les-
sees, appellants, have been sufficiently indicated. On the
part of the appellee it was and is contended: (a) That
the covenant to renew the lease is void for uncertainty;
(b) that the lease expired by its own terms; (c) that the
notice given is a sufficient notice of a wish to rebuild.
There was no testimony, aside from the notice given to
the tenants, tending to prove a desire or intention on the
part of the owner to rebuild.

The agreement is that the lessees, if they do whatever
is stipulated to be done by them, shall enjoy the premises
for a term of three years from August 1, 1904. At the
end of this term they may, at their election, enjoy them
for a further term, the duration of which they may nomi-
nate, paying the rent, and upon the occasions, stipulated
in the lease. Fairly interpreted, the provision for a re-
newal of the lease does not mean that the lessees, upon
the expiration of the fixed term, may continue to occupy
the premises for an indefinite period, or at their will. Nor
is it to be supposed that the parties to the lease contem-
plated that the tenants should relinquish possession at the
end of the three years, take a new lease and immediately
re-enter. The intention of the contracting parties, gath-
ered from the whole instrument, is to make a present
agreement for an additional or further term to begin in
the future, requiring only lapse of the preceding term and
the election of the lessees to become a lease in præsenti.
There is no rule which requires courts, notwithstanding
the evident intention of parties, expressed in fitting terms,
to construe a clause such as is in question here as a mere
covenant for a lease or for the renewal of a lease. No
one would doubt that, if the duration of the second or fur-

ther term had been fixed in the lease, it would be held to
be a present demise of the premises for both terms, although
the tenants reserved the right to elect whether or not the
second term should begin at all. *Delashman* v. *Berry*,
20 Mich. 292; *Beller* v. *Robinson*, 50 Mich. 264; *Brown*
v. *Parsons*, 22 Mich. 24; *Darling* v. *Hoban*, 53 Mich.
599; *Brand* v. *Frumveller*, 32 Mich. 215; *Cooper* v. *Joy*,
105 Mich. 374; *Wright* v. *Kaynor*, 150 Mich. 7. See,
also, *Wallace* v. *Bahlborn*, 68 Mich. 87, 89, 90. The
fact that the duration of the second term is not fixed in
the lease, and is to be fixed by the lessor, does not call for
the application of a different rule.

Assuming, as we must, that the property is demised
by the written lease for a term and for a further term, is
the contract legally infirm? If there is an infirmity, it
must arise out of the fact that the duration of the term
was, when the contract was entered into, uncertain. For
that matter, it was uncertain whether there would be a
second term. So in *Brand* v. *Frumveller*, supra, and in
*Brush* v. *Beecher*, 110 Mich. 597, it was uncertain what
rent would be demanded during the second term. In those
cases the amount of the rent was to be determined by
arbitrators, to be chosen by the parties. There was a
mutual undertaking to make the uncertainty certain if
a further term was entered upon by a designated method.
It was not supposed that the uncertainty avoided the con-
tract. Here the commencement of the second or further
term is made certain by the lease. It is the demise of the
owner who is content that his lessees shall make the dura-
tion of the term certain. There is no want of mutuality.
Fairly construed, the contract is that, when the election
to hold for a further term is made, which must be before
or immediately upon the termination of the three years'
term, there must be also a fixing of the duration of the
term to be made known to the lessor. The owner so un-
derstood it, as is evidenced by the notice which he served.
The lessees so understood the meaning and acted in con-

formity with that understanding. The lease and this writing were sufficient to satisfy the statute of frauds. If they had nominated a term, the length of which, if originally agreed upon, would have violated the rule against perpetuities, a different question would be presented. They did no such thing. It will not be presumed that it was the intention of either party that a perpetuity was to be created, nor should the contract receive the construction that under its terms one might be created. *Brush* v. *Beecher*, supra. The contract is not void because of uncertainty or for want of mutuality. It is good as a present demise of premises for a term and for a further term at the option of the lessees. In *Western Transportation Co.* v. *Lansing*, 49 N. Y. 499, in which an able opinion was written, a case much like the instant case upon the facts, the conclusion reached was that the contract and action on the part of the lessees created at most a tenancy from year to year, determinable at the will of either party upon giving proper notice; but this result was reached upon a construction of the lease which denied the power of the lessee to name any definite term. The reasoning indulged, applied to the facts of this case, leads to the conclusion just stated. See, also, *Holley* v. *Young*, 66 Me. 520.

It is contended that the notice given by the owner to the tenants is ineffectual to determine the lessees' right to possession because: *First*, it does not state that it is the intention of the owner to rebuild; *second*, it was prematurely given; *third*, by the terms of the contract the right to make the election belonged to the lessor only. The objection last stated will be first considered. The privilege of re-entry is not in terms reserved to the assignee of the lessor. The renewal clause is an entirety. Assuming that the lessees have done precisely what is required to secure a further term, they have done it pursuant to and by force of the stipulation in the lease which also permits the re-entry of the lessor. The estate created was as to the added term one upon condition. *Shaw* v.

*Hoffman*, 25 Mich. 162, 172; *Hadley* v. *Bernero*, 97 Mo. App. 314; *Roberts* v. *McPherson*, 62 N. J. Law, 165; *Millan* v. *Kephart*, 18 Grat. (Va.) 1; *Sloan* v. *Cantrell*, 5 Cold. (Tenn.) 571. It is a provision which affects the use, value, and enjoyment of the premises. It would, therefore, as matter of law, inure to the benefit of the assignee of the reversion. I am satisfied, also, that it was the understanding of the parties to the lease that the right to rebuild was not a mere personal right of the lessor.

Whether the notice was prematurely given, and whether it was a sufficient notice, are questions which may properly be considered together. Assuming that the demise was for a term of three years, and, at the election of the lessees, for a further term, then, if the reason for terminating the tenancy was a desire to rebuild the premises, the notice to quit was not premature. The lease does not specify that the notice can be given only after the expiration of three years. On the contrary, it specifies that "on and after three years from said August 1, 1904, the said party of the first part shall have the privilege of entering and occupying said premises and terminating said lease." Notice of an intention to re-enter at the expiration of three years is as much required, and is as much for the benefit of the lessees if they proposed to remain for an additional term, as is notice of an intention to re-enter at a later time. It is contended that the notice specifies that the owner desired to rebuild because it contains the words:

"This notice is given in accordance with a provision contained in a certain lease of said premises made and executed," etc.

If we direct attention entirely to the stipulation referred to, it is clear, I think, that it refers, not to notice of an intention to re-enter alone, but to notice of an intention to rebuild. "Wishes to rebuild" is, in this lease, equivalent in meaning to "intends to rebuild;" but the sufficiency of

the notice must be determined, upon this point, by what appears in the lease and in the notice, and not by evidence aliunde. There are various stipulations in the lease, breach of which, by the lessees, would give the landlord the right to re-enter. To enforce such a right, a notice would be required. If it was not claimed that the lessees were in default, but, as was and is contended, that the provision for the additional term was not binding upon the assignee of the lessor, still a notice to quit, if not required, was at least a most reasonable precaution, to prevent the tenants holding over after the expiration of the term created by the lease. The notice which was given does not conclude the owner from resting his right to possession, as he does, upon the invalidity of the provision for a further term. His judgment rests upon the ruling, in the court below, that the provision in the lease for a further term is invalid, and that the tenants, if they held possession after the expiration of three years, would be tenants from month to month. If the lessees had submitted to the determination of the trial court, it could not be said that the owner had dispossessed them because he desired to rebuild; and if it had appeared that he had no such desire or intention—if he had immediately let the premises to others at an increased rental—they would have had no remedy. If, notwithstanding his notice, it is open to the owner to deny, and I think it is, that he ever intended to rebuild or to notify the lessees to that effect, the notice is not the one required by the contract. The tenants were entitled to an unequivocal declaration of such intention before they could be held to be wrongfully in possession of the demised premises. We are referred to decisions, among them the Tennessee and the Virginia cases already noticed, and in the *Matter of Coatsworth*, 160 N. Y. 114, supposed to sustain the contention that the notice given is the notice required by the lease. Neither of them is authority for the proposition, and *Millan* v. *Kephart* and *Sloan* v. *Cantrell*, supra, seem to be precisely opposed to it.

The judgment of the circuit court and of the commissioner's court should be reversed, with costs of all courts to appellants.

GRANT and BROOKE, JJ., concurred with OSTRANDER, J.