FLYNN *v.* BACHNER.

LANDLORD AND TENANT—LEASE—TERM—WAIVER.

> Where the lessor of a building consented during the first part of the term to the tenants' subletting a portion of the premises in pursuance of a condition requiring his consent contained in the lease, which was for three years with the privilege of two more years at the lessee's option, the permit as to subleasing extended over the entire term of five years, upon the tenants' exercising their privilege.[1]

Error to Wayne; Rohnert, J. Submitted November 24, 1911. (Docket No. 179.) Decided February 10, 1912.

Summary proceedings by William H. Flynn against Nathaniel E. Bachner and another for the possession of leased premises. From a judgment for defendants, complainant appealed to the circuit court which affirmed the order of the commissioner. Complainant brings error. Affirmed.

*May & Dingeman*, for appellant.

*Charles F. Welsh*, for appellees.

BLAIR, J. Plaintiff is the owner of a four-story brick building located at 112 Farmer street, Detroit. The lower portion of the building is devoted to stores, one of which was on the 14th day of October, 1907, let to defendants under terms contained in a written lease. The portions of the lease pertinent to this inquiry are as follows:

"Portion leased: The first floor and rear of the basement as partitioned * * * for the term of three years from and after the first day of November, 1907, with the privilege of two years more at the expiration of said first

---

[1] Enforcement of landlord's consent to sublet or assignment of lease, see note in 25 L. R. A. (N. S.) 1173.

three years, making, if said privilege of two years more is exercised, a total of five years, on the terms and conditions hereinafter mentioned, to be occupied for a glove store.    *    *    *

"Monthly payments: And the said parties of the second part do hereby hire the said premises for the term of three years as above mentioned, and do covenant and promise to pay to the said party of the first part, his representatives and assigns, for rent of said premises the sum of one hundred and twenty-five dollars per month always in advance for said term of three years, and at the rate of one hundred and fifty dollars per month always in advance for the said term of two years, if the same is taken. Said parties of the second part further covenant that they will not assign nor transfer this lease, but can sublet if the business is satisfactory to the party of the first part."

The other usual covenants of a printed lease were contained in this instrument. After defendants had entered into possession of the premises, they sublet a portion of them to one Darr, in which to manufacture and sell ladies' belts. Plaintiff, claiming a violation of the covenants with reference to subletting and the use to which the premises were to be put, instituted summary proceedings to obtain possession of the premises, and obtained a judgment for restitution, which judgment was appealed from by defendants to the circuit court. The said appeal came on to be heard on October 17, 1910, at which trial the lessor claimed that the leased premises were being used by a sublessee, contrary to the terms of the lease. The lessees contended that plaintiff had verbally consented that the sublessee might use part of the leased premises. The issues as then framed were submitted to the jury under the charge of the court, and a verdict rendered in favor of the defendants. The defendants on the 4th day of October, 1910, served upon plaintiff, Flynn, a notice of their intention to avail themselves of the provision in the lease entitling them to an additional two-year term. Defendants continued to sublet a portion of the premises to Darr for the purpose of manufacturing and selling belts. Plaintiff then, on the 15th day of November, 1910, gave

defendants written notice of a claimed forfeiture of the terms of the lease, and again instituted summary proceedings. The matter came on for hearing December 6, 1910, at which time the defendants interposed, and the commissioner sustained, the plea of *res adjudicata*, which had been so interposed by defendants and therefore dismissed the proceedings. Plaintiff again appealed to the circuit court, where said matter, by consent of counsel, was brought on for hearing before Hon. Morse Rohnert, circuit judge, without a jury, on the 11th day of January, 1911, at which time said circuit judge made an oral finding in favor of defendants. A formal judgment was subsequently entered thereon by George P. Codd, circuit judge, successor to Morse Rohnert, deceased.

Plaintiff contends that the provision for an additional two years constituted an agreement to renew the lease if the lessee desired to have it renewed, and not an agreement to extend the term of the lease at the option of lessee. Defendants contend that the agreement amounts to a present demise for the term of five years at the option of defendants. If the defendants' contention is correct, it necessarily follows that the plaintiff's consent to the subleasing covered the term of five years. The circuit judge so held and sustained the plea of *res adjudicata*. In this conclusion we concur. *Delashman* v. *Berry*, 20 Mich. 292 (4 Am. Rep. 392), and cases cited by Justice OSTRANDER in *Stendor* v. *Kerreos*, 156 Mich. 507 (121 N. W. 258); *Kramer* v. *Cook*, 7 Gray (Mass.), 550; *Kimball* v. *Cross*, 136 Mass. 300; *Stone* v. *Stamping Co.*, 155 Mass. 267 (29 N. E. 623); *De Friest* v. *Bradley*, 192 Mass. 346 (78 N. E. 467).

The judgment is affirmed.

MOORE, C. J., and STEERE, MCALVAY, and BROOKE, JJ., concurred.