## THOMAS *v.* TEXAS CO.

1. EVIDENCE—CONSTRUCTION OF LEASE.

   The meaning of a lease must be determined from within the four corners of the instrument itself and the subsequent correspondence between the parties which extended and determined the term of the lease where it is not ambiguous and in no way misleading.

2. LANDLORD AND TENANT—RENEWAL—CONSTRUCTION OF LEASE.

   Under five-year lease providing for termination at the end of the third year or any subsequent year by the giving of a 30-days' notice, in which a varying rent was stipulated during the first two years, the next three, and the following five-year period in case lessee exercised its option for the additional period at the expiration of the original lease, where lessee exercised its option for the additional five years, it was bound for the full term and could not terminate the lease by giving the prescribed notice at the end of the second year of the second five years.

BOYLES and WIEST, JJ., dissenting.

Appeal from Wayne; George (Fred W.), J., presiding. Submitted January 15, 1941. (Docket No. 32, Calendar No. 41,365.) Decided April 8, 1941. Rehearing denied May 21, 1941.

Assumpsit by Clyde E. Thomas against Texas Company, a corporation, for damages sustained as a result of abandonment of leased premises. Judgment for defendant. Plaintiff appeals. Reversed and remanded for assessment of damages.

*Kelly, Kelly & Kelly,* for plaintiff.

*Angell, Turner, Dyer & Meek,* for defendant.

BOYLES, J. (*dissenting*). Plaintiff sued to recover damages for alleged breach of a written lease by abandonment of the premises prior to the end of the term claimed by plaintiff. The trial court entered judgment of no cause of action. Plaintiff appeals. The facts are not in dispute and the question involved is one of law.

On July 26, 1924, one Greenberg and one Pearlman, as lessors, entered into a written lease with the defendant herein, as lessee, for use of certain premises in the city of Detroit for a service station. The provisions as to term and rental were as follows:

"3. Term. To have and to hold, and peaceably and quietly to enjoy with the rights, privileges, easements and appurtenances thereunto belonging, or in any wise appertaining for the full term of five years from and after the 15th day of August, 1924 (but subject to termination by lessee at the end of the third year or any subsequent yearly period by 30-days' notice from lessee to lessor di-

rected to the end of said third year or such subsequent yearly period).

"4. Rental. Lessee hereby leases from lessor the above-described premises, rights, privileges, easements and appurtenances, and agrees to pay therefor at the rate of $225 per month in advance for the first two years and $250 monthly in advance for the last three years. Total sum $14,400."

The lease further provided:

"10a. The lessor gives to the lessee the right of an option for an additional five years at the rate of $300 per month at the expiration of the original lease."

Lessors subsequently assigned the lease to Clyde E. Thomas, plaintiff herein. Defendant occupied the premises for the full 5-year term and on August 15, 1929, gave notice to the plaintiff of its exercise of the option to extend the term under the above paragraph 10a by letter, as follows:

"The Texas Company hereby exercises the option given it in its lease with Herman H. Greenberg and Benjamin Pearlman, assigned to various assignees and finally to you, dated July 26, 1924, covering service station site at the northeast corner of Dexter boulevard and Cortland avenue, Detroit, Michigan, to renew said lease or extend the term thereof for a further period of 5 years from and after August 15, 1929, rental to be at the rate of $300 per month."

Defendant continued to occupy the premises pursuant to this extension until September 15, 1931. During that time, the parties had some negotiations toward the execution of a new lease and an option to purchase, but no agreement was reached. These negotiations were concluded when the plaintiff

wrote the defendant on October 26, 1929, as follows:

"Regarding the execution of a new lease on the gas station at the northeast corner of Dexter boulevard and Cortland avenue, Detroit, Michigan, I wish to say that the lease now in force is sufficient. The present lease gave you the option of an additional five years at the rental of $300 per month. I have your letter dated August 15, 1929, in which you say you exercise your option, according to the terms of the lease, which, I think, settles the matter for both parties."

In reply to the foregoing letter, the defendant wrote plaintiff on November 18, 1929, as follows:

"This letter, with your letter of October 26, 1929, will constitute an agreement for the extension of our lease with Herman H. Greenberg and Benjamin Pearlman, assigned to various assignees and finally to you, dated July 26, 1924, covering service station site at the northeast corner of Dexter boulevard and Cortland avenue, Detroit, Michigan, for a further period of 5 years from and after August 15, 1929, rental to be at the rate of $300 per month."

Defendant remained in possession and continued to pay rental. On July 3, 1931, defendant wrote plaintiff as follows:

"Pursuant to the terms of our lease with Herman H. Greenberg and Benjamin Pearlman, assigned to various assignees and finally to you, dated July 26, 1924, covering service station site at the northeast corner of Dexter boulevard and Cortland avenue, Detroit, Michigan, the Texas Company hereby gives notice that it will terminate said lease and will quit the premises on August 14, 1931."

In reply to the foregoing letter, plaintiff, on July 11th, wrote the defendant, insisting that the defendant had renewed the term for a full 5-year period

and was expected to continue to occupy the premises throughout the 5-year term. Defendant surrendered possession September 15th, whereupon plaintiff proceeded to let the premises to other parties in mitigation of damages, and has sued to recover the difference in rental for the balance of the 5-year period.

Plaintiff has not advanced the claim, either in the court below or on this appeal, that he is entitled to rental for *one* additional year. His claim is that defendant is liable for the entire balance of a second 5-year term. Where a lease provides for a specified term and gives the lessee the right to extend the term for an additional period, the effect of the exercise of this right by the lessee is to continue the lease in effect for the extended period, the lease being treated as one containing a present (that is, as of the date of the original lease) demise for the full extended term. All of the covenants of such a lease continue in effect through the extended term with like effect as in the original period. Applying these rules to the present lease, it follows that because of the exercise by the defendant of the privilege of extension or renewal contained in the lease, the lease must be construed as a present demise for the full extended term, and clause 3 must be read as if it were worded "ten years from and after the 15th day of August, 1924, but subject to termination by lessee at the end of the third year or any subsequent yearly period by 30-days' notice from lessee to lessor directed to the end of said third year or such subsequent yearly period.

There is no ambiguity or uncertainty in the terms of the contract between these parties. The defendant exercised its right for an extension of the lease for an additional five years at the end of the original 5-year term. The provisions of the contract were thereby continued in effect between the par-

ties. No other intention or agreement was expressed by the parties when the option was exercised and the term extended, and, in the absence thereof, it is presumed that the lease continued on the same terms and with the same rights and privileges. *Brown* v. *Parsons,* 22 Mich. 24; *Flynn* v. *Bachner,* 168 Mich. 424 (Ann. Cas. 1913 C, 641). Where a tenant exercises the privilege of renewing a lease for another year by giving notice, continuing in possession and paying rent, covenants in the lease continue in force and the conditions of the extended term are the same as the first (except the privilege of renewal) unless otherwise specified. *Metzgar Register Co.* v. *Thomas Canning Co.,* 220 Mich. 435.

In *Meadow Heights Country Club* v. *Hinckley,* 229 Mich. 291, the question arose as to whether an option to purchase in the original lease was continued in effect for the period during which the lease was extended according to its terms. It was held:

"The parties made the option to purchase an integral part of the lease, and we are not inclined to dismember their contract. The contract was made as a whole, and must be considered as such."

It was there held that the exercise of the right to extend the term did not bring into effect a new term or a different lease. In the case at bar, the effect of the exercise of the right of extension by the lessee was to continue the lease in effect for the extended period as a demise of the premises, subject to the conditions and covenants in the lease. *Meadow Heights Country Club* v. *Hinckley, supra.* The lease provided that it should be subject to termination by the lessee at the end of the third year, or any subsequent yearly period, by 30-days' notice. The defendant gave such notice and thereby exer-

cised its rights under the lease. Defendant's liability was thereby terminated.

Judgment should be affirmed, with costs.

WIEST, J., concurred with BOYLES, J.

CHANDLER, J. I am not in agreement with Justice BOYLES' interpretation of the lease involved in this appeal.

In the determination of the issue here, it is only necessary to concern ourselves with paragraphs 3, 4 and 10a of the contract between the parties, which are quoted in full in the opinion of Justice BOYLES, and to consider defendant's letter of August 15, 1929, plaintiff's reply thereto under date of October 26, 1929, and defendant's letter to plaintiff under date of November 18, 1929, which are also quoted in full in said opinion.

Applying the rules laid down by Justice BOYLES' opinion, the contract is construed as a demise or lease of said premises for the full term of 10 years, and paragraph 3 of said lease is to be construed as though it were worded "ten years from and after the 15th day of August, 1924 (but subject to termination by lessee at the end of the third year or any subsequent yearly period by 30-days' notice from lessee to lessor directed to the end of said third year or such subsequent yearly period)."

It is not necessary to read anything into said lease or to take anything therefrom to determine the true meaning and intent of the parties thereto. It is in no sense ambiguous, in no way misleading, and the terms must, and easily can be, determined from the four corners of the instrument itself and the correspondence between the parties, which extended and determined the term of said instrument by which both parties thereto are bound.

From our examination of paragraphs 3 and 4 of this lease, it is clear that the parties considered the same to be for a five-year term, and no longer, subject of course to the right of lessee to terminate said lease at the end of the third year or any subsequent yearly period by 30-days' notice. This intention is further indicated by the fact that they established a total rental under said lease for the five years.

Paragraph 10a of the lease, being the last numbered paragraph therein, was typed into the printed form of the lease, and, in unambiguous terms, shows that it was the intention of the parties, at the time this lease was signed, that the defendant would have the right to create a new five-year term at a certain specified rental separate and apart from the term as provided for in paragraphs 3 and 4. This rental per month was provided for and as said paragraph 10a expressly states was "for an additional five years at the rate of $300 per month at the *expiration of the original lease.*" (Italics are ours.)

Our views on this phase of the instant case are strengthened by the language used both by defendant and plaintiff in the correspondence hereinbefore referred to leading up to the renewal or extension of the lease for a further period of five years. The defendant who was the beneficiary of paragraph 10a of said lease said to the plaintiff "The Texas Company hereby exercises the option given it * * * to renew said lease or extend the term thereof for a further period of five years from and after August 15, 1929, rental to be at the rate of $300 per month." The plaintiff said to the defendant "I wish to say that the lease now in force is sufficient. The present lease gave you the option of an additional five years at the rental of $300 per month. I have your letter dated August 15, 1929, in which you say you exer-

cise your option according to the terms of the lease, which I think settles the matter for both parties." The defendant replied: "This letter with your letter of October 26, 1929, will constitute an agreement for the extension of our lease * * * for a further period of five years from and after August 15, 1929, rental to be at the rate of $300 per month."

It is unimportant whether this correspondence between the parties is an extension or renewal of a former lease, these terms seem to be used interchangeably by the parties and the meaning of said terms was the same to them. This correspondence constituted the exercise of an option to continue defendant's tenancy of the property in question for a five-year period at the rate of $300 per month at the "expiration of the original lease" which was August 15, 1929.

The judgment entered in this case is reversed, and the case remanded to the trial court for the assessment of plaintiff's damages on the theory that the defendant's right to terminate the lease did not accrue until the expiration thereof, August 15, 1934.

Plaintiff and appellant will recover his costs to be taxed.

Sharpe, C. J., and Bushnell, North, McAllister, and Butzel, JJ., concurred with Chandler, J.