JACOB BELLER v. EUGENE ROBINSON ET AL

*Construction of lease—Extension.*

A year's lease gave the privilege of an extension for three years, if written notice of the intention to continue should be given thirty days before the expiration of the year. *Held* that the estate created by the lease terminated at the end of the year if the notice was not given as stipulated; and that an additional estate for three years could not, under Comp. L. § 4694, be created by any oral agreements or any waiver of the stipulation, actual or constructive, even though the tenant held over.

*Delashman v. Berry* 20 Mich. 292, distinguished, in that the option allowed in that case did not have to be expressed in writing.

Error to Wayne. (Speed, J.) April 4.—April 11.

ASSUMPSIT. Defendants appeal. Reversed.

*George H. Lothrop* for appellants.

*George Gartner* for appellee. Notice in writing of the intention to claim the privilege of continuing in tenancy may be waived: *Maxwell v. Ward* 11 Price 16 : Wood's L. & T. 675; *Hibernia Ins. Co. v. O'Connor* 29 Mich. 241; *Westchester Ins. Co. v. Earle* 33 Mich. 151; *Gault v. Van Zile* 37 Mich. 22 ; *Kimball v. Goodburn* 32 Mich. 11; *Louden v. East Saginaw* 41 Mich. 23 ; *Parsons v. Dickinson* 23 Mich. 56.

COOLEY, J. Plaintiff, on October 24, 1877, leased to defendants certain rooms in a brick store in the city of Detroit " for the term of one year, with the privilege of three years thereafter." The lease contained a provision that " in case said second parties choose to avail themselves of the privilege of extending this lease for three years after the expiration of the term of one year herein provided for, they must give notice, and hereby agree to give notice in writing to said first party, of such intention, thirty days before the expiration of this term."

Defendants occupied the rooms for one year, and then, without giving the notice in writing provided for by the lease, remained for two years longer, paying the rent stipulated in the lease. They then left and declined to pay further rent. This suit is brought for the fourth year's rent. Plaintiff, giving evidence on his own behalf, testified that defendants, before the first year had expired, notified him orally that they exercised their option to continue there for the additional three years, and that their remaining there afterwards was in pursuance of that notice. Defendants denied this, and testified that when the first year was up they orally bargained with the plaintiff for the occupancy of the rooms for a year, and that this bargain was renewed for another year when the first had expired. The circuit judge instructed the jury that if defendants notified the plaintiff orally of their purpose to retain the

rooms for the three years after the first, and if they continued in possession after the first year expired, and under their notice, the lease was thereby extended for the whole period. Under this instruction the plaintiff had a verdict for the amount claimed.

Referring to the terms of the lease it will be seen that the estate created by it was to and did terminate at the end of one year, unless the lessees at their option should perform a certain specified act which if performed should extend the lease for three years longer. The specified act was the giving of a written notice expressive of their option. Had this notice been given it would have constituted, in connection with the lease, the evidence of defendant's right, and the two papers together would have operated as the grant of an estate. This notice was not given.

It is contended, however, that the requirement of a written notice was one the parties might waive, and that they did waive it in this case when the defendants gave oral notice of their intention to retain possession, and the plaintiff allowed them to do so as if the notice were in due form. But the difficulty with this agreement is that it makes an estate for three years depend for its creation and existence upon a mere oral understanding This is inadmissible under the statute which makes void all leases for more than one year which are not evidenced by writing. Comp. L. § 4694. This statute was aimed at precisely such mischiefs as appear in this case, where an oral lease for years is set up against the denial on oath of the supposed lessees that they ever made it; and no mere waiver of the parties can obviate the necessity of obeying the statute in such a case.

The case of *Delashman v. Berry* 20 Mich. 292, differs from the one before us in the important particular that the lease contemplated an extension of the term by an option, which was not required to be in writing. Under such a lease, the question whether the option had been exercised was one of fact, and when the fact was established the lease, by its terms, covered the extended term. In this case it covered the extended term only in case the written

notice was given; and the substitution of an oral notice would, as above explained, be the creation of an estate by parol.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.