Beckwith, C. J.
(dissenting)—The plaintiff, by a written lease, under seal, demised a store to the defendant for the term of one year, to end on the first day of May. The instrument there contained this provision: “It is also agreed that the second party is to have the privilege of a further lease of two years after the expiration of this lease upon giving a written notice to said first party, thirty days before •the expiration of -this lease.”
At the expiration of the term of one year the plaintiff instituted this proceeding to recover possession of the demised premises on the ground that the tenant was holding over without the permission of his landlord.
On the trial the defendant offered to prove that on or about the first of March, preceding the expiration of the term of one year, the plaintiff being present on the premises, asked the defendant if he wanted to keep the place for the ensuing two years, and that the defendant answered that he did, and asked if it would be necessary for him to give the written notice called for by the lease and that the plaintiff told him that it would not, that his word was good. This offer of proof was excluded, by the judge of the municipal court, and the defendant excepted.
It is claimed, on the part of the defendant, that the circumstances of the conversation amounted to a waiver of the written notice, and that the defendant’s oral statement of his intention to keep the premises for two years more was accepted by the plaintiff in place of a notice in writing, and that the defendant having in consequence omitted to serve the written notice, the plaintiff is now estopped, and the defendant has a right to the possession for two years more, by the force of the original written lease.
It is said that the plaintiff, having put the defendant off his guard until the time for him to give the written notice *894 had gone cy, should now be estopped, denying that he had received due notice. But that sort of reason might be assigned in almost every case where a defendant seeks to evade a written agreement by showing a paroi alteration of its terms. It frequently happens that a party claims that an understanding was entered into subsequent to the execution of the contract, that some covenant should be dispensed with, but the courts do not hear evidence in support of such a claim unless the understanding was entered into upon some new consideration.
The stipulation in this lease that the tenant could have a further term of two years by giving a notice in writing, was, to the landlord, a very material provision. In letting the premises for one year the landlord saw fit to put the contract in writing, under seal, that the terms of the contract might not be disputed; but whether he has not let his premises for a further term of two years, upon the doctrine of the defendant’s counsel, he must find out in court by a contest depending on oral and conflicting statements. If written notice had been served upon the landlord his contract for the extended term would have been in writing, while without it the tenant could at any time dispute the renewal.
In this case the alleged conversation was about the 1st of March. There was nothing to waive, as the tenant was in no default, having until the 1st day of April to serve the' written notice. The attempt plainly was to change the provision of the sealed instrument by paroi evidence of a waiver, before there was any breach, showing no new con sideration or substituted valid agreement. The cases apply which hold that paroi evidence is not admissible to show that before a breach there was a paroi modification of a. contract which is under seal. Delacroix v. Bulkley, 13 Wend., 71; Allen v. Jaquish, 21 id., 628; French v. New, 28 N. Y., 147.
In the case of Beller v. Robinson (50 Mich., 264), where the written instrument of lease was under Seal and provided for an extended term upon written notice, it was held that paroi evidence of a renewal was not admissible.. There the landlord tried to hold the tenant upon paroi evidence of his election to take the premises for the extended term. The lease provided for a further term of three years, the tenant held over and paid the rent for the period of a year, which was accepted by the landlord without protest, and then the tenant quit. It was held that the landlord could not recover subsequently accruing rent, and that paroi evidence of a waiver of the written notice was not admissible. It was also held that to make the extended term of two years depend upon an oral conversation be *895 tweeil the landlord and tenant or a waiver implied from the acts and conduct of the parties, was an evasion or violation of the statute of frauds,- which makes void all leases for more than one year which are not in writing. In the case at bar if the, defendant had served a written notice of his election to take the premises for another term of two years, the entire contract would have been in writing as required by the statute,
For these reasons I think the judgment of the municipal court ought to be affirmed.