ZACK THOSTESEN, APPELLEE, V. CHARLES W. DOXSEE ET AL.,
APPELLANTS.

FILED NOVEMBER 22, 1906.   No. 14,469.

**Statute of Frauds: LEASE.** Under the provisions of section 5, ch. 32,
Comp. St., as amended in 1903, an oral contract for the leasing
of lands for a period of more than one year from the making
thereof is void.

APPEAL from the district court for Custer county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*R. A. Moore,* for appellants.

*H. M. Sullivan, contra.*

OLDHAM, C.

This was an action in forcible entry and detainer origi-
nally instituted in the county court of Custer county, Ne-
braska and taken by appeal to the district court for that
county, where a jury was waived and the cause submitted
to the court on the following agreed statement of facts:
"It is stipulated between the parties that the defendants
entered into a written lease with the plaintiff on or about
the 1st day of March, 1904, whereby the plaintiff leased
to the defendants for the term of one year from March 1,
1904, the land described in the lease; that for the pasture
they were to pay him cash $125 and for the land planted
to small grain and corn they were to pay one-third; that
sometime in December, 1904, the parties got together and
it was orally agreed that the defendant, C. H. Doxsee,
would not want the land for the year beginning March
1, 1905, but that the other defendant, C. W. Doxsee,
would want it for the period of one year from the 1st of
March, 1905, and it was orally agreed between the plain-
tiff and the defendant, Charles W. Doxsee, that he might
remain on the place for the period of another year from

March 1, 1905, on the same conditions as were specified in the original lease. It is further agreed that before the beginning of this action in the county court notice as required by law was served upon the defendants to quit, and that at that time neither of them had planted any crops, and that they were in possession of said premises under the old lease up to March 1, 1905. It is further stipulated that in said oral lease it was specified that the contract existing between them for the year up to March 1, 1905, should extend from March 1, 1905, to March 1, 1906, with all the conditions contained in said lease, without it being signed anew, and the only change that should be made to it was that C. H. Doxsee should be released from its operations. And it was never the intention of the parties to sign up or execute a new lease, but the terms of the old lease were the terms of the new oral contract between the plaintiff and Charles W. Doxsee, made in December, 1904."

It seems to us that the only legitimate conclusion to be drawn from this stipulation is that there was a written contract between plaintiff and the two defendants for the leasing of the premises from March 1, 1904, to March 1, 1905, on the terms stated in the stipulation; that during the month of December preceding the expiration of the written lease there was a conversation between the three parties to the contract, in which it was understood that C. H. Doxsee did not desire to occupy the premises beyond the term of the written lease, but that defendant Charles W. Doxsee desired to lease the premises on the terms contained in the written lease for the year beginning March 1, 1905, and ending March 1, 1906; and that the plaintiff agreed that he would make such an oral lease with the defendant Charles W. Doxsee; that this verbal contract was entered into three months before the beginning of the lease; that a little while before the time of the expiration of the written lease plaintiff rescinded his oral contract for the lease of the premises to Charles W. Doxsee, and served the statutory notice to quit the

premises within three days after the expiration of the written lease; and that after defendants' failure so to do plaintiff immediately instituted this suit in forcible entry and detainer. The notice to quit was served before the defendant Charles W. Doxsee had either entered into possession under, or done any act in part performance of, the oral agreement for the lease. Section 5, ch. 32, Comp. St., provides as follows: "Every contract for the leasing for a longer period than one year from the making thereof, or for the sale of any lands, or any interest in lands shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is to be made." To our minds the agreement between plaintiff and Charles W. Doxsee was nothing more than an oral contract for the leasing of lands for a period of more than one year from the making thereof, which is denounced as void by the provisions of the statute above quoted as it now stands as amended in 1903.

We therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.