PHILIP KAHN, PLAINTIFF, v. AMERICAN STORES COMPANY, DEFENDANT.

Submitted May 1, 1920—Decided May 5, 1920.

A covenant in a lease demising land for one year, "that the lessee shall have the privilege of continuing this lease, if they so desire, for a further period of four years, under the same rent, terms and conditions," amounts to a present demise for a term of five years, if the lessee so elects, and the term referred to in a further stipulation, viz., "that either party hereto may determine this lease at the end of said term by giving the other notice thereof, at least three months prior thereto," relates to the term as continued by such election.

On motion to strike out portions of defendant's answer.

Argued before Mr. Justice BERGEN by consent.

For the motion, *Freeman Woodbridge.*

*Contra, John J. Stamler.*

The opinion of the court was delivered by

BERGEN, J.  The plaintiff instituted this action to recover from defendant double the yearly value of a parcel of land and building thereon, claimed to have been willfully held by defendant after the expiration of his term, or unpaid rent at the rate agreed upon by the contract of letting under which defendant holds.  The latter alternative does not require consideration because defendant does not deny that obligation but pleads tender and payment into court.  In his complaint the plaintiff avers that under the lease, attached to and made a part of the complaint, he had the right to terminate the lease at the expiration of the first year by giving defendant a notice to that effect.  The defendant answered admitting the lease, but denied plaintiff's right to terminate the lease at the end of the first year, it having given notice of the exercise of an option contained in the lease to continue it for four years more, prior to the notice of termination. This answer plaintiff moves to strike out and his right to succeed depends upon the construction to be given to the lease.  Other reasons were urged in favor of the motion to strike out, but they are not material, for the determination of the question stated will definitely settle the rights of the parties.  The lease was made between a former owner of the premises, who conveyed to plaintiff, and the defendant, for one year, and after recitals not now material provided that "it is agreed that the lessee shall have the privilege of continuing this lease if they so desire for a further period of four years under the same rent, terms and conditions," and subsequently "and it is hereby mutually agreed that either

party hereto may determine this lease at the end of said term by giving the other notice thereof at least three months prior thereto, but in default of said notice this lease shall continue upon the same terms and conditions as are herein contained for a further period of one year and so on from year to year, unless and until terminated by either party hereto giving to the other three months' notice for removal previous to the expiration of the then current term." This language is open to the construction that if this lease demised the land for five years, it would continue thereafter to be a lease from year to year until terminated by the required notice, but it is perfectly clear that, if the term was for five years, it could not be terminated by either party until the expiration of the five years. Therefore if the exercise by defendant of his option to continue it for a further period of four years made it a lease for five years, plaintiff could not terminate it before that date, and the refusal of the tenant to surrender at the end of the first year would not render the refusal a willful holding over and make defendant liable to pay double yearly value. I think the term, at the end of which the lease could be terminated, relates to the term demised, and that when defendant, as tenant, exercised its option to continue the lease for four more years the lease became a demise of five years from its execution. The great weight of authority supports this view, and although some make a distinction between the right to continue a lease and that of renewal, our court of last resort did not appear to consider the distinction important. *Newhoff v. Mayo,* 48 *N. J. Eq.* 619. In the present case no question of a renewal is present, for it is a lease for one year with option to tenant to continue it for a further period of four years, and no writing is necessary to make it a lease for five years. In *Stone v. St. Louis Stamping Co.,* 29 *N. E. Rep.* 623, where the condition was: "It is further agreed that this lease may be extended for two years by lessees giving thirty days' notice." The lease was for one year, with the option stated, and the court held "this does not contemplate the making of a new lease but

provides that the term shall be three years instead of one, if the lessee so elects." See, also, *De Friest et al.* v. *Bradley et al. (Mass.)*, 78 *N. E. Rep.* 467. So, it was held by the Supreme Court of Michigan that a lease for three years, with the privilege of two years more, was a present demise for five years at the option of the lessees. *Flynn* v. *Bachner et al.*, 168 *Mich.* 424; 28 *Am. & Eng. Ann. Cas.* 641. The plaintiff's complaint avers defendant's option to make the demise one for a further period of four years, and defendant's plea that it exercised that option will, if proven, be a legal defence to so much of the complaint as charges defendant with willfully holding over and therefore liable to pay double the yearly value of the premises. The motion to strike out will be denied, with costs.