## ECONOMY STORES, INC., *v.* MORAN.

(Division A.    Feb. 22, 1937.)

[172 So. 865.    No. 32541.]

E. J. Gex, of Bay St. Louis, for appellant.

64

J. L. Taylor, of Gulfport, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Mrs. Moran, the appellee, brought an action at law against Economy Stores, Inc., seeking to recover rents for the use and occupation of two stores from September 14, 1933 to the date of this suit, alleging in the declaration that she had demanded possession of Economy Stores, and that appellant had refused to deliver possession to her. The appellant, Economy Stores, Inc., filed a plea of the general issue, and what is called a notice thereunder to the effect that it held the premises by virtue of a lease contract. In line with the declaration there was a verdict and judgment for the appellee, Mrs. Moran.

The evidence discloses that the land, the rent of which is here in controversy, was owned by Mrs. Weir, and that, on July 2, 1925, she conveyed it to Phillip W. Le-

vine and took his notes for the balance of the purchase price, which was secured by a deed of trust on the land. Levine having defaulted in payment, the deed of trust was foreclosed in chancery, and, at the sale, one Rea was the purchaser of the land on September 9, 1933, and within a day or two afterwards conveyed the same to Mrs. Moran, the appellee.

The appellee offered evidence tending to show the monthly rental value of the two stores, which evidence the jury accepted. The appellant offered in evidence a written lease contract, executed by Mrs. Weir to J. G. Scafide, dated December 27, 1922, running for ten years beginning January 1, 1923. In connection with the lease contract, a written assignment thereof by Scafide to the Economy Stores, dated July 27, 1931, was offered in evidence. The lease contract provided for a rental of $10 per month, payable quarterly in advance, and also contained this provision: "It is understood and agreed between the parties hereto that the said Joseph G. Scafide shall have the option of renewing this lease for an additional five years at the same price, and upon the same terms and conditions as herein stipulated." Both the lease contract to Scafide and the assignment by him to the Economy Stores were acknowledged and duly recorded.

Upon the objection of the appellee, the lease contract and the assignment were excluded by the court, the objection thereto being that "the term has expired of the ten years, and the lease was merged with the fee; and, second, because the property was foreclosed and sold and bought in, and that plaintiff is the successor in title from the sale, and in the suit between plaintiff and the Economy Store, involving two notes of seventy dollars, wherein the Economy Store sued for the notes, this identical defense was made in this court, and judgment was given for the plaintiff, and the same was appealed to the Supreme Court, and was by the Supreme Court affirmed

[Economy Store, Inc., v. David, 165 So. 128] and this defense is now absolutely foreclosed and adjudicated;'' whereupon counsel for appellant proposed to show that the lease was renewed, that it had been executed by Mrs. Weir to Scafide and recorded prior to the conveyance by Mrs. Weir to Levine, and that a renewal of the lease was made orally.

The original ten-year term of the lease had expired on January 1, 1933; and the record shows that the Economy Stores remained in possession of the premises until September 9, 1933, and subsequent thereto to the date of the trial of this case. Mrs. Moran did not bring her suit upon the lease contract, but undertook to recover a reasonable rental for the use and occupation of the stores and land notwithstanding the lease contract.

It is the precise contention of the appellee that the lease and the assignment thereof were properly excluded by the court below, because an oral renewal thereof was within the statute of frauds (section 3343, subdivision (c), Code 1930), and cites in support of this position 27 C. J., section 190, p. 214, which is as follows: ''An oral renewal or extension of an existing lease for a greater than the statutory period is within the statute. Conversely a parol renewal of a lease for a term not exceeding the statutory limit is valid, even though its terms vary from those in the original written lease.'' Appellant relies upon the remainder of the same section, to wit: ''However, where the extended term of the lease is fixed by and is a part of the original written lease, and comes into existence merely by the lessee exercising his option and giving the required notice, no question as to the application of the statute of fraud arises. The lessee holds for the extended term by virtue of the original lease which is in writing and which satisfies the statute. This rule may apply even where the notice of intention to exercise the option is verbal, as where the provisions of the lease as to written notice are waived. The hold-

ing for the extended term is under the original lease, and not under the notice and hence the statute does not apply to the notice. Some courts, however, hold that the statute of frauds prevents a waiver of a written notice provided for in the lease.''

It will be observed that in the lease in the case here under consideration, there is no provision as to whether or not the notice shall be written or verbal. It merely gives the lessee the option to renew under the same conditions as in the original lease for a term of five years. The lease contract evidences no intention of the parties to execute a new written lease, and such exercise of the option as conveyed notice to the lessor was sufficient.

The word ''renew'' is used in the contract here, and not the word ''extend.'' Some of the courts have adopted the view that there is a difference in the meaning of the two words when used in a lease contract with reference to an option. In the case of Crenshaw-Gary Lumber Co. v. Norton et al., 111 Miss. 720, 72 So. 140, 142, L. R. A. 1916E, 1227, this court considered and pointed out the difference of opinion among the authorities between the two kinds of options, namely, ''option of renewal'' and ''option of extension,'' and there said: ''It may be reasonably said that there is no substantial difference, and the terms are synonymous, although a clear distinction is made by the authorities in the United States.'' The court there had under consideration the language in a lease contract, the same, substantially, as is contained in the lease here. In that case the court held that no new lease was intended; that the fact that the lessee remained in possession after the expiration of the original term was sufficient notice and extended the lease; that ''A lessor's covenant to renew or extend the lease for a like term runs with the land and can be availed of by the lessee's assignee as matter of law.''

Having reached the conclusion that the parties here to the original lease contract did not intend to execute a

new written lease, and that the old lease, in writing, was a demise of the land for the term, including the optional term of five years, and satisfies the statute, the court erred in excluding the lease contract and assignment thereof. The appellant, Economy Stores, Inc., acquired the rights of the original lessee so far as this record now discloses, and an oral renewal thereof, coupled with the fact that the assignee of the original lessee remained in possession after the expiration of the old term, excludes from consideration the statute of frauds. The appellee raised some other objections which are without merit, and which were not presented to the lower court.

Reversed and remanded.