BERGEN COUNTY CIRCUIT COURT.

BOROUGH OF EAST RUTHERFORD, A MUNICIPAL COR-
PORATION, PLAINTIFF, v. STERLING PAPER CONVERT-
ING COMPANY, A CORPORATION, DEFENDANT.

Decided July 19, 1943.

For the Borough of East Rutherford, *Dominick Marconi*
and *Thomas L. Zimmerman, Jr.*

For the Sterling Paper Converting Company, *Pitney,*
*Hardin & Ward.*

LEYDEN, C. C. J.  On the 9th day of May, 1935, the plain-
tiff, the Borough of East Rutherford, demised to defendant,
Sterling Paper Converting Company, a parcel of land and
buildings of the municipality, not then needed for public

use, for a term of five years, to commence on the 1st day of January, 1936, and to end on the 31st day of December, 1940, at the yearly rental of $4,800 payable in equal installments of $400, in advance, on the first day of each and every month. The lease provided that the defendant "shall have the option, at any time after the first day of January, 1939, and for the duration of the balance of the term of this lease, to renew the same and to extend the term thereof for a period of ninety-nine (99) years, which said option for such extension may be exercised by giving written notice to the Borough Clerk of the Borough of East Rutherford, which said notice shall stipulate the day within such period upon which said term shall commence, * * *."

The defendant entered into possession of the premises pursuant to the lease, and in accordance with its terms made repairs, improvements and alterations to the alleged value of $68,976.18. It paid the stipulated rent of $400 per month to and including the month of December, 1940.

On September 30th, 1940, in conformity with the provision of the lease the defendant gave written notice to extend the term of the lease, effective October 1st, 1940, to the borough clerk of the plaintiff.

On December 2d, 1940, the council of the Borough of East Rutherford passed a resolution, approved by its mayor, the substance of which is that the option to extend the term of the lease between the plaintiff and defendant was not recognized or accepted by the Borough of East Rutherford; that the Borough considered the option clause illegal, improperly entered into, and therefore null and void and that the defendant was to pay the rent of $400 per month in accordance with the original terms of the lease.

The defendant remains in possession of the premises in question and has consistently offered to pay the yearly rental pursuant to the terms and conditions of the extended term. The Borough has refused the offers and insists upon the payment of rent at the rate of $400 per month.

In this state of affairs plaintiff instituted the present action in ejectment. The complaint contains three counts, the first demanding possession of the premises in question as of Jan-

uary 1st, 1941, and $11,200 for mesne profits and damages; the second, for the use and occupation of the premises at the reasonable value of $400 per month from the 1st day of January, 1941, and the third, for damages on an implied contract arising out of the continued use and occupation of the premises by the defendant at a rental of $400 per month from the 1st day of January, 1941, to the 1st day of April, 1943 (see Supreme Court rule 184, *N. J. S. A. tit.* 2).

The defendant's answer to the third count admits the plaintiff's ownership of the premises in question subject to the defendant's leasehold interest and right to possession. It admits the execution of the lease of May 9th, 1935, and possession of the premises since May 2d, 1936. It further admits the plaintiff's alleged notice to quit of December 2d, 1940, and the non-payment of $400 per month rent to the plaintiff since January 1st, 1941 (see Supreme Court rule 185).

The separate defense to the third count asserts that the defendant is lawfully in possession of the premises and is entitled to continue possession thereof by virtue of the provisions of the lease of May 9th, 1935, and the exercise by the defendant of the renewal and extension option therein contained, and by the payment of all rent and the performance of all covenants on its part by the provisions of the lease to be paid or performed (see Supreme Court rule 185).

By way of counter-claim the defendant asserts that since it has been in possession of the premises it has erected and constructed permanent improvements to and upon the land in question of the alleged value of $68,976.18, and demands that in the event the plaintiff obtains a judgment of possession of the premises, that the defendant have judgment against the plaintiff on the counter-claim for said sum (see Supreme Court rule 188).

The motion is to strike the answer, and separate defense to the third count, and the counter-claim, upon the ground that they are sham and insufficient in law.

It might not be amiss to point out, although no point is made of it, that the plaintiff will not be permitted to treat the possession of the defendant as that of a trespasser and

that of a lawful tenant during the same period. *Mason* v. *Haurand*, 79 *N. J. L.* 375; 75 *Atl. Rep.* 452.

Conceding that the Borough of East Rutherford had the power to lease for a fixed and limited term any land or building of the municipality not presently needed for public use (*N. J. S. A.* 40:60–42) the plaintiff argues, in support of its motion, that the lease in question, running as it does for a period of five years with the option to renew and extend for ninety-nine more years, is not for a fixed and limited term, and the making of said lease was beyond the power of the municipality and void; that as a necessary consequence the answer and separate defense setting up defendant's right to possession under the lease and its extension are insufficient in law and should be stricken. The plaintiff embellishes its argument with the contention that the plaintiff had no power to enter into a lease option agreement. It would seem, however, that the power to make the lease option agreement is incident to the granted power to make the lease, a power arising by necessary or fair implication out of the granted power.

Whether the pleaded answer and separate defense are sufficient in law depends upon the construction to be given to the lease. Under our cases a lease for five years with an option to renew and to extend the term for ninety-nine years becomes, when the lessee exercises its option, a demise for one hundred four years from its execution. *Kahn* v. *American Stores Co.*, 94 *N. J. L.* 367; 110 *Atl. Rep.* 562; *affirmed,* 96 *N. J. L.* 292; 114 *Atl. Rep.* 926. It is, therefore, a lease for a fixed and limited term from the date of its execution. There seems to be no statutory limitation on the number of years for which the demise may run, that matter apparently being left to the sound and considered judgment and discretion of the governing body of the municipality. In this connection the lease in question has some unusual features. It provides, among other things, that during its term and any extension thereof, at least 80% of defendant's employees shall be persons residing in the Borough of East Rutherford, provided the municipality is able to furnish such a number willing and able to do the work required at the prevailing wage being paid by the lessee, and it gives the

municipality and its duly designated agents and officials the right to enter the demised premises and to inspect the list of employees hired by the defendant. It also provides that the defendant, within the first three years of the lease, will lay out and expend the sum of at least $25,000 in alterations, additions and repairs to the demised premises, which alterations, &c., are ultimately to become the property of the Borough; and that the defendant in the making thereof will employ labor and engage a contractor or builder residing in the Borough if such can be obtained and are capable of performing the work.

If the defendant can demonstrate at the trial that it properly exercised its rights under the option agreement to renew and extend the lease, the answer and separate defense are sufficient in law. Likewise it follows since contracts of municipal corporations stand on the same footing with contracts of natural persons and depend on the same circumstances for their validity and effect (*Mayor, &c., of Jersey City* v. *Town of Harrison*, 71 *N. J. L.* 69; 58 *Atl. Rep.* 100; *affirmed*, 72 *N. J. L.* 185; 62 *Atl. Rep.* 765; 65 *Atl. Rep.* 507), that the resolution of the council of the Borough of East Rutherford, passed and approved on December 2d, 1940, after the plaintiff had given notice of the exercise of its option to extend the term of the lease on October 1st, 1940, was ineffectual for the intended purpose. A municipality cannot rescind or dissolve an existing contract binding upon it by merely adopting a resolution to that effect. *Buckley* v. *Mayor and Aldermen of Jersey City*, 105 *N. J. Eq.* 470; 148 *Atl. Rep.* 630; *affirmed*, 107 *N. J. Eq.* 137; 151 *Atl. Rep.* 905.

The counter-claim will also be permitted to stand, as the attack upon it is to the same effect. Where mesne profits are demanded, the value of permanent improvements may be allowed to the defendant and set off against the damages of the plaintiff in the situation set forth in the statute, *N. J. S. A.* 2:51–48, and Supreme Court rule 188. In the circumstances the determination of the validity of the counter-claim should be left to be disposed of at the trial by the trial judge.

The motion to strike is therefore denied.