Zimmerman, J.
The record discloses that by warranty deed dated June 7, 1946, Nellie C. V. Heppert, unmarried, the appellee in this court, conveyed to O. H. Corvington, the appellant herein, a parcel of real estate in the city of Akron upon which was situated a brick building. Such building contained two storerooms on the first floor and four residence apartments on the second. The title to such real estate had previously been registered under the provisions of Section 8572-1 et seq., General Code, commonly known as the Torrens Act, and there was issued to Corvington a certificate of title for the premises described.
It further appears that such premises had been held by one Ivy C. Williard, as the registered owner thereof, from April 1939 to May 1946, when they were conveyed to Mrs. Heppert.
By an indenture of lease dated February 1, 1945, H. E. Williard, husband of Ivy C. Williard, who was in possession of an unrecorded power of attorney from his wife, purported to lease one of the storerooms in the building to Clyde Howard for a period of two years from February 1,1945, to January 31,1947, with an option of renewal by the lessee for three additional years on the same terms. Howard was then in occupancy of the storeroom.
*413 Such lease was signed by H. E. Williard as the designated first party or lessor and by Howard as the second party or lessee, and their signatures were duly witnessed and acknowledged. The name of Ivy C. Williard, the registered owner of the premises, did not appear anywhere in the instrument. However, on the trial she testified as follows:
“Q. At no time did you make any objection to his [Mr. Williard] leasing the property to Mr. Howard? A. No.
“Q. In other words you left the management entirely in his hands, is that right? A. That’s right.
“Q. What is the fact as to whether you recognized this lease to Mr. Howard as being binding on you at all times, that is, did you always admit that this was a binding lease ? A. Yes. ”
No mention of the Howard lease was made in the warranty deed from Mrs. Heppert to Corvington and the premises were represented therein to be free from encumbrances, except taxes, assessments and reassessments due and payable after June 1946.
There was no attempt to record the indenture of lease until August 17, 1946, when Howard, the lessee, delivered it to the recorder of Summit county for such purpose. The recorder then recorded the instrument as an ordinary lease and did not note it in the entry book devoted to registered lands.
In the hearing of the case in the Court of Common Pleas, Corvington testified that when he executed the agreement to purchase the property on. May 23, 1946, he knew one of the storerooms in the building was occupied by Howard, but he disclaimed notice or knowledge of the existence of any lease. Some three months after Corvington became the owner of the premises, Howard advised him in writing that he was exercising the option to renew the lease for the additional three years provided therein.
*414 The decisive question in this case is whether the purported lease to Howard constituted an encumbrance on the premises as to Corvington, thereby permitting him to maintain successfully an action for damages against Mrs. Heppert for a breach of warranty in her deed of conveyance.
Corvington contends that the indenture of lease in issue was a demise of but two years from February 1,, 1945, notwithstanding that by its terms it might be renewed for an additional three years, and that it was-effective as to him and operated as a subsisting encumbrance on the property to his detriment. On the other hand, Mrs. Heppert contends that the lease was wholly ineffective as to Corvington and that her failure to mention it in her deed to him constituted no breach of warranty on her part.
Some courts make a clear cut distinction between the words, “extension” and “renewal,” employed in-leases, holding that a covenant for extension operates-of its own force to create an additional term under the-original lease, but that a provision for renewal does not, it creating only an obligation to execute a new lease for the additional term. Other courts, representing the modern trend and with less strictness and technicality, we believe, make no distinction between the-words, “extension” and “renewal,” where their meaning is not defined or explained, and treat them as synonymous, so that no matter which expression is-used, the implication is nothing more than for an extension of the term without the necessity of a new loase. W. G. Maltby, Inc., v. Associated Realty Co., 114 Conn., 283, 158 A., 548; Marckres Bros. v. Perry Gas Works, 189 Iowa, 1204, 1208, 179 N. W., 538, 540; Economy Stores, Inc., v. Moran, 178 Miss., 62, 172 So., 865; American Press Co. v. City of St. Louis, 314 Mo., 288, 284 S. W., 482; Jador Service Co. v. Werbel, 140 N. J. Eq., 188, 191, 53 A. (2d), 182, 184, 172 A. L. R., 1199; *415 Orr et al., Exrs., v. Doubleday Page & Co., 223 N. Y., 534, 119 N. E., 552, 1 A. L. R., 338; Womble v. Walker, 181 Tenn., 246, 181 S. W. (2d), 5; 2 Underhill on Landlord and Tenant, 1362, Section 803; 51 Corpus Juris Secundum, 593, Landlord and Tenant, Section 54 (b). See, also, the annotation in 172 A. L. R., 1205.
The investigation we have made indicates that the weight of authority is to the effect that a lease of real property for a specified number of years, coupled with .an option to extend or renew the same for an additional period, ordinarily gives the lease effect as an original present demise for the full term for which it might be made inclusive, contingent on the election to extend •or renew. So, where, in the particular jurisdiction, a statute exists requiring- a lease for more than a specified number of years to be recorded to affect others than the parties thereto, a lease which with its extension or renewal period runs beyond such specified time •comes within the statute and must be recorded. Hopkins v. McCarthy, 121 Me., 27, 115 A., 513; Leominster Gas Light Co. v. Hillery, 197 Mass., 267, 83 N. E., 870; South Street Inn, Inc., v. Muehsam, 323 Mass., 310, 81 N. E. (2d), 821; Flynn v. Bachner, 168 Mich., 424, 134 N. W., 451, Ann. Cas. 1913C, 641; Meadow Heights Country Club v. Hinckley, 229 Mich., 291, 201 N. W., 190; Kahn v. American Stores Co., 94 N. J. Law, 367, 110 A., 562 (affirmed, 96 N. J. Law, 292, 114 A., 926); Murray v. Odman, 1 Wash. (2d), 481, 96 P. (2d), 489; 2 Tiffany, Landlord and Tenant, 1518, Section 219; 3 Thompson on Real Property (Perm. Ed.), 325, Section 1242.
Appellant places strong reliance on, the case of Swetland & Sons Co. v. Bronx Realty Co., 17 C. C. (N. S.), 249, 32 C. D., 128,. decided by the Circuit Court for Cuyahoga County in 1910 and affirmed without opinion in 86 Ohio St., 313, 99 N. E., 1134, four judges concurring, in which the Circuit Court held that as *416 between the parties a lease for three years with an option to the tenant to renew or extend the same for another like period was to be regarded as a lease for the initial period of three years only and came within the provisions of Section 4412, Revised Statutes (now Section 8517, General Code), whereby attestation, acknowledgment or recording of the instrument was unnecessary. However, in that case the court expressly stated that it was not “deciding what the rights of innocent purchasers or other third parties might be, nor what force the option might have if it were sought to be exercised.” It will be noted that no authorities are cited supporting the views of the court in the Swetland £ Sons Co. case; that it has been cited and relied on in but one case decided by the Court of Common Pleas of Montgomery County; and that Courts of Appeals of Ohio have not considered it as of controlling significance. See Glicklich v. Garfield (Court of Appeals for Hamilton county), 31 Ohio Law Abs., 129, 131, and Gelman v. Holland Furnace Co. (Court of Appeals for Lorain county), 92 N. E. (2d), 704. The Sivetland & Sons Co. case therefore can hardly be said to represent the established rule in Ohio applicable to causes with facts like those in the present controversy.
In our opinion, Howard’s lease for two years with the option to renew for three additional years is to be regarded and treated for the purposes of the instant case as a lease for five years.
Section 8572-25, General Code, a part of the Torrens Act, provides in part:
‘ ‘ Every applicant who without fraud on his part receives a certificate of title in pursuance of a decree of registration, and every subsequent purchaser of registered land who takes a certificate of title for value and in good faith, shall hold the same free from all estates and encumbrances except those noted on the *417 certifisate and any of the following estates and encumbrances which may be existing:
i i * * *
“Fourth: Any lease for a term not exceeding three . years, when there is actual possession under the lease. ’ ’
Again, Section 8572-73, General Code, recites:
“A deed, mortgage, lease or other instrument purporting to convey, transfer, mortgage, lease, charge or otherwise deal with registered land, or any estate or interest therein, or charge upon the same, other than a will or a lease for a term not exceeding three years where the land is in the actual possession of the lessee or his assigns, shall take effect only by way of contract between the parties thereto and as authority to the recorder to register the transfer, mortgage, lease, charge or other dealing upon compliance with the terms of this act.”
Compare Sections 8510, 8517 and 8543, General Code.
It will thus be seen that the five-year lease to How-ard was unenforceable against Corvington, a “purchaser of registered land who * * * [took] a certificate of title for value and in good faith. ’ ’ The real estate was therefore not encumbered by the lease so far as Corvington was concerned and consequently he lacked the ground upon which to predicate an action for breach of warranty on account of the lease against Mrs. Heppert.
Both courts below held that the Howard lease was also inoperative as to Corvington, an innocent purchaser for value without knowledge of or connection with such lease, for the reasons (1) that it was executed by H. E. Williard, husband of Ivy C. Williard, the registered owner of the property, under a power of attorney which was never “recorded in the office of the recorder of the county in which such property is situated” as required by Section 8536, General Code, *418 and (2) that in such indenture of lease no reference was made to Mrs. Williard, the owner of the property, as demanded by Section 8513, General Code.
No error being discoverable in the judgment of the Court of Appeals, the same is affirmed.

Judgment affirmed.

W.EYGANDT, C. J., MlDDLETON, MATTHIAS and HART, JJ., concur.
Stewart and Taet, JJ., dissent.