SAMUEL N. WOLF ET AL., APPELLEES, V. TASTEE FREEZ CORPORATION OF AMERICA ET AL., APPELLANTS.

109 N. W. 2d 733

Filed June 23, 1961. No. 34976.

*Shotwell, Marchetti & Samson,* for appellants.

*Beber & Richards* and *Seymour L. Smith,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an action for forcible detention. Plaintiffs' motion for summary judgment was sustained. Defendants appeal. The plaintiffs and appellees, hereinafter referred to as plaintiffs, are Samuel N. Wolf and Morris Shapiro. The defendants and appellants are Tastee Freez Corporation of America and Paul J. Rayer. They will hereinafter be referred to as defendants.

Defendants insist that a genuine issue of fact exists in connection with the asserted waiver by plaintiffs of the precise exercise of an option to extend a lease. Plaintiffs maintain there is no issue of fact and the questions involved herein are: First, whether the option in the lease was properly exercised; second, whether there is any evidence of waiver of a written notice; and third, whether an oral waiver would be violative of the statute of frauds.

The defendant Tastee Freez Corporation of America, on February 19, 1954, leased certain property in Douglas County from one Buras for a term of 5 years, ending April 1, 1959. Plaintiffs acquired the property by purchase from Buras on January 16, 1956, and became the owners and lessors. The lease contained a provision to the effect that it could be extended for a further 5-year period and an additional 5-year period at the end of the

second period upon the same terms and conditions, upon the lessee giving lessor notice in writing of its intention so to extend "given ninety (90) days prior to the expiration of the term hereof."

On December 30, 1958, the defendant, Tastee Freez Corporation, executed a written notice to plaintiffs of its intention to extend the lease for the term of 5 years. This notice was served upon the plaintiffs on January 2, 1959, or at best 89 days prior to the expiration of the lease. The lessors' agreement to renew is an executory contract, and until the lessee has exercised it in some affirmative way, the lessor cannot be held for the additional term. That the acceptance of an offer must be made within the time specified in the offer is a general rule of law. In Restatement, Contracts, § 40 (1), p. 47, it is said: "The power to create a contract by acceptance of an offer terminates at the time specified in the offer, * * *." We believe that under a provision specifically designating the time within which notice must be given, that time is of the essence, and such provision is to be strictly construed. See 32 Am. Jur., Landlord and Tenant, § 978, p. 821. We hold that the notice was served too late and that the option expired, unless the provision for a 90-day written notice was waived, as suggested by the defendants.

This action was originally filed in the municipal court of the city of Omaha on April 7, 1959. On May 1, 1959, that court found the defendants not guilty and dismissed the complaint. Plaintiffs perfected an appeal to the district court for Douglas County. Issues were joined by the filing of a plea of not guilty on June 26, 1959. On April 1, 1960, plaintiffs filed a motion for summary judgment, supported by affidavits. Defendants filed their resistance, supported by the affidavit of Joe Fite. On May 19, 1960, the motion for summary judgment was overruled. On May 27, 1960, plaintiffs filed what is designated as a motion for rehearing on the motion for summary judgment. On October 27, 1960, this

motion for rehearing was submitted to the district court, and on November 23, 1960, the district court sustained the motion and vacated the order of May 19, 1960, overruling the motion for summary judgment. On November 25, 1960, the court sustained the motion for summary judgment and entered an order and judgment for restitution.

The only evidence in resistance offered by the defendants is the affidavit of Joe Fite, which, excluding the caption and the jurat, is as follows:

"JOE FITE being first duly sworn upon oath desposes and says as follows:

"I.

"That he is a resident of the City of Des Moines, Iowa and an employee of Tastee Freez of Southwestern, Iowa, and operates a territory assigned to him by the defendant Tastee Freez Corporation of America; that on several occasions during the summer and fall of the year 1958, I had several discussions with Samuel N. Wolf and Morris Shapiro with reference to the desires of said named plaintiff to carry out an arrangement whereby Tastee Freez Corporation of America would give up its lease on the premises described as:

"All of Lot 7, except the West 7 feet thereof which was taken for the widening of 72nd Street, Block 5, Cederhold, an Addition to the City of Omaha, Douglas County, Nebraska, and commonly known as 215 South 72nd Street, Omaha, Nebraska,

prior to the opening of the business operated by the defendant Tastee Freez Corporation of America and Paul J. Rayer in the spring of 1959.

"II.

"That to the best recollection of this affaint on or about the 14th day of December, 1958, Morris Shapiro called this affiant at his office in Des Moines by long distance and requested that this affiant come to Omaha to talk with said Morris Shapiro and Samuel N. Wolf to ascertain if some arrangements could be made on the

Tastee Freez lease on the above described premises in order that Tastee Freez would not remain in occupancy of said premises the second five year period provided in said lease.

"III.

"That pursuant to the telephone conference aforesaid this affiant on Saturday, December 20, 1958 did come to Omaha, Nebraska, from his home in Des Moines, Iowa and on or about 3:00 P. M. on said date, this affiant met in the office of said Morris Shapiro with both plaintiffs herein, Shapiro and Wolf and discussed the matter of the defendants continuing to hold the above described premises for the additional five year period as provided in the lease.

"IV.

"That during the course of the conference, the plaintiff proposed that in consideration of the defendant giving up the lease that they, the plaintiffs would build another store for the defendants, possibly on Dodge Street not very far from their present location.

"V.

"That this affiant informed Messrs. Wolf and Shapiro that even if a new store were constructed that this affiant would not be interested as it was problematical what success might be expected in a new location and that the only inducement for giving up the lease would be an out right cash payment.

"VI.

"That in the course of the discussion this affiant suggested that if Messrs. Wolf and Shapiro would make an offer to pay the sum of $10,000.00 he would take the matter up with Mr. Rayer and the home office of the defendant in Chicago and recommend that a settlement be made on that basis.

"VII.

"That when affiant made this proposal Mr. Wolf informed this affiant that before they would pay that kind

of money that Tastee Freez could remain there forever before such payment would be made.

"VIII.

"That this affiant told Messrs. Wolf and Shapiro that he was satisfied with the location and that he felt that a good amount of money could be made there in the next ten years; that Mr. Shapiro then asked this affiant to keep negotiations open *and further advised this affiant that since this affiant had expressed his intention to extend the lease another five years that there was no necessity to jump to any hasty conclusion as the store would not be open until the Spring of 1959* and in event that the defendants should consider the proposition, that Messrs. Wolf and Shapiro would give the defendants the present Tastee Freez Building which could be moved or salvaged and some additional cash consideration, but not $10,000.00, *and that the defendants would have until Spring to decide whether to extend the lease or work out a settlement.* (Italics supplied.)

"IX.

"That the conference concluded by this affiant stating that unless a cash offer of $10,000.00 could be submitted by him in consideration of giving up the lease, * * * the defendant intended to stay for both five year periods as provided by the lease and that this affiant would so notify his Chicago office.

"Further affiant says not."

Plaintiffs question the authority of Fite to represent the defendants. Suffice it to say that all their dealings with the defendants were through Fite, and that they themselves called him to Omaha to discuss the matter on behalf of defendants. For the purpose of the present motion, we will hold this to be sufficient.

The first question is, may a lessor waive a provision in a lease providing that notice of the exercise of an option to extend the lease must be given within a stipulated time? There are no Nebraska cases relating directly to the extension or renewal of leases.

In 32 Am. Jur., Landlord and Tenant, § 980, p. 823, we find the following: "It is well settled that the lessor may waive the requirement in a lease of notice by the lessee of renewal at or within a certain time."

For cases from other jurisdictions to this effect, see Fuchs v. Peterson, 315 Ill. 370, 146 N. E. 556; McAllister v. Northern Oil Co., Inc., 115 Vt. 465, 64 A. 2d 31; Dries v. Trenton Oil Co., Inc., 17 N. J. Super. 591, 86 A. 2d 427; Achtar v. Posner, 189 Md. 559, 56 A. 2d 797; Khourie Bros. v. Jonakin, 222 Ky. 277, 300 S. W. 612.

Plaintiffs contend there is no consideration for the claimed waiver. In Bowman v. Wright, 65 Neb. 661, 91 N. W. 580, we said: "While executory and before a breach, the terms of a written contract may be changed by a subsequent parol agreement; and such subsequent agreement requires no new consideration."

The cases of Ketcham v. Oil Field Supply Co., 99 Okl. 201, 226 P. 93, and McCue v. Collins (Tex. Civ. App.), 208 S. W. 2d 652, on this point hold that no consideration is required to support a waiver of written notice or an intention to renew. The waiver is simply the voluntary relinquishment of a known right and a matter of the intention of the party asserted to have made the same.

Plaintiffs further contend that an oral waiver is barred by the statute of frauds. They cite the case of Thostesen v. Doxsee, 77 Neb. 536, 110 N. W. 319. This case involved a written lease for a year. During the term, the parties orally agreed that one of the lessees could have the land on the same terms for another year. This is a different contract with different parties, is not in any way analogous to the instant situation, and clearly violates the statute of frauds.

Plaintiffs quote extensively from Beller v. Robinson, 50 Mich. 264, 15 N. W. 448, which does support their position. This seems to be a very minority rule, and if the case of Darling v. Hoban, 53 Mich. 599, 19 N. W. 545, does not in effect overrule it, at least it seriously impugns the doctrine. In the Darling case, there was a written

agreement between two parties whereby one was to erect a building on the land of the second, and occupy the same at a yearly rental for 5 years, with the election in the second party to take the improvements at their cost price or to renew the lease for a further 5-year term. The Michigan court in the Darling case held that no written notice was required to avoid the statute of frauds because all the details were contained within the original lease.

The general rule, as we find it, is that in situations like the instant case the lessee holds for the extended term under the original lease and not under the notice of intention to renew. Therefore, the statute of frauds does not apply to the notice. See, Ketcham v. Oil Field Supply Co., *supra;* McClelland v. Rush, 150 Pa. 57, 24 A. 354; Marckres Bros. v. Perry Gas Works, 189 Iowa 1204, 179 N. W. 538; Economy Stores, Inc. v. Moran, 178 Miss. 62, 172 So. 865.

In Dennis v. Berens, 156 Neb. 41, 54 N. W. 2d 259, we said: "In considering a motion for summary judgment the court should view the evidence in the light most favorable to the party against whom it is directed.

"A summary judgment is authorized only when the moving party is entitled to a judgment as a matter of law. If there is a genuine issue of fact to be determined, a summary judgment may not be properly entered."

In Rehn v. Bingaman, 157 Neb. 467, 59 N. W. 2d 614, we held: "The court examines the evidence on motion for summary judgment, not to decide any issue of fact presented in the case, but to discover if any real issue of fact exists. * * * In other words, the court can merely determine that an issue of fact does or does not exist. If such an issue does exist, the summary judgment act has no application; if such issue does not exist, a motion for a summary judgment affords a proper remedy. The evidence offered in support of the motion is for the purpose of showing that no issue of fact exists, not to try issues on pleadings, depositions, admissions, and affi-

davits which constitute only a part of the evidence available on a trial on the merits. The burden is upon the moving party to show that no issue of fact exists, and unless he can conclusively do so the motion for summary judgment must be overruled."

We must now consider whether there is any evidence of conduct such that a jury could find that the plaintiffs waived the provision in question. As stated above, we do not decide the fact issue, but, viewing the evidence most favorably for the party opposing the motion for summary judgment, decide whether any real issue of fact exists.

Paragraph VIII of Fite's affidavit infers that oral notice to extend the lease had been given. This, with the part of the last sentence of that paragraph, "that the defendants would have until Spring to decide whether to extend the lease," could suggest a waiver by conduct if not in words. It is true that the paragraph could be so construed as to be consistent with plaintiffs' position. This, however, makes it a disputed question of fact for the jury.

Plaintiffs urge that defendants were not relying on a waiver because they did attempt to comply with the provisions for the written notice and were 1 day too late. In view of the fact that the conference covered by the affidavit was December 20, 1958, and the Tastee Freez Corporation's home office was in Chicago, there might be some explanation. In any event, we hold this is an element to be considered by the jury. It is not enough, as a matter of law, to show nonreliance on a waiver sufficient to sustain a summary judgment. We must say that there are inferences apparent in the evidence before the court which, if resolved favorably for the defendants, would sustain a judgment for them, and therefore the motion for summary judgment must be overruled.

For reasons given above, the order of the district court in sustaining the motion for summary judgment and

the entry of judgment in accordance therewith are reversed and the cause is remanded.

REVERSED AND REMANDED.