**ROCKWELL-STANDARD CORPORA-TION and Standard Property Corporation, Plaintiffs-Appellees,**

v.

**Nicholas SMITH, Defendant-Appellant.**

No. 17155.

United States Court of Appeals
Sixth Circuit.

May 23, 1967.

———◆———

C. Charles Bokos, Detroit, Mich., for appellant, Smith, Ryan, Simmons & Jones, Detroit, Mich., on brief.

Gilbert E. Gove, Detroit, Mich., for appellees, Miller, Canfield, Paddock & Stone, Detroit, Mich., on brief.

Before PHILLIPS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order granting plaintiffs-appellees' motion for partial summary judgment.

The landlord, who is not a party to this litigation, leased a building to defendant-appellant for a period of five years, with an option to renew the lease for a like period if written notice were given one year prior to expiration of the lease. No such written notice was ever given.

The landlord sold the property to the appellee who has torn the building down and the property is now being used for a parking lot.

The purchaser and present owner of the property, appellee herein, filed this suit asking that the legal rights and obligations of the parties under the lease be determined and that all possessory rights of appellant be declared terminated.

Appellant contends that in reliance upon the oral representations of the landlord to the effect that appellant could purchase the property, he expended a substantial sum for improvements on the building. Appellant therefore claims, on principles of equity, that he has either the right to purchase the property or in the alternative an enforcible lease on this property for an additional period of five years.

The district court granted partial summary judgment, finding that the possessory rights of appellant and any subtenant of the appellant in and to the premises had terminated and expired as of May 1, 1965. The court directed that process issue to put out of possession any person whose interest has so terminated and expired.

Appellant concedes that he did not give any written notice of renewal as required by the terms of the lease, but contends that this provision was waived by oral assurances from the landlord. We find this contention to be without merit under the Michigan statute of frauds, M.S.A. 26.906, C.L.1948, § 566.106 and the opinion of Judge Cooley in Beller v. Robinson, 50 Mich. 264, 15 N.W. 448.

Affirmed.